# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

AARON TREVES DANIELS,

      Petitioner,

v.                                      Case No. 8:19-cv-406-WFJ-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

Mr. Daniels, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response in opposition to the petition (Doc. 8), and an appendix in support (Doc. 10). Upon consideration, the petition will be denied.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Mr. Daniels was found guilty of second-degree murder (Doc. 10, Ex. 6). He was sentenced to life in prison (Id., Ex. 7, docket p. 85). The conviction and sentence were affirmed on appeal (Id., Ex. 17).

Mr. Daniels filed a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, in which he alleged six claims of ineffective assistance of trial counsel (Id., Ex. 19). The motion was denied on November 2, 2018 (Id., Ex. 20). Mr. Daniels' November 29, 2018 letter to the state post-conviction court (id., Ex. 21) was

construed as a motion for an extension of time to file a motion for rehearing and was denied (Id., Ex. 22). Mr. Daniels did not appeal the denial of his Rule 3.850 motion.

Mr. Daniels filed his federal habeas petition (Doc. 1) in this Court in which he alleged the same six claims of ineffective assistance of trial counsel that he raised in his state Rule 3.850 motion.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991*); Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

## III. ANALYSIS

Respondent contends that the ineffective assistance of counsel claims raised in the petition are unexhausted and now procedurally defaulted because although Mr. Daniels presented the claims in his state Rule 3.850 motion, he did not appeal the order denying that motion (Doc. 8, pp. 5-10). The Court agrees.

Before presenting federal constitutional claims to a federal court in a habeas petition, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues *by invoking one complete round of the State's established appellate review process.*" *O'Sullivan*, 526 U.S. at 845 (emphasis added). In Florida, exhaustion requires not only the filing of a post-conviction motion, but an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (11th Cir. 1979). Mr. Daniels did not appeal the denial of his Rule 3.850 motion. Consequently, his claims are unexhausted. And, because Mr. Daniels may not now return to state court to appeal the denial of his Rule 3.850 motion, the claims are procedurally defaulted. See Fla.R.App. P. 9.110(b) (appellate court's jurisdiction of appeal proceedings to review final orders of lower tribunals shall be invoked by filing an original and one copy of a notice with clerk of lower tribunal within 30 days of rendition of order to be reviewed).

Mr. Daniels has not overcome this procedural default by showing cause and prejudice, or a fundamental miscarriage of justice.[1] Although he alleges in his petition

---

1 *See Cobb v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 4587098, at *2 (11th Cir. Sept. 11, 2018) ("Exhaustion or procedural default may be excused if the petitioner establishes a fundamental miscarriage of justice, meaning actual innocence.") (unpublished) (citation omitted). Mr. Daniels has neither alleged nor demonstrated that he is actually innocent of the offense for

that he did not appeal the denial of his Rule 3.850 because "time limitation expired due to me being in confinement with no legal assistance[,]" the allegation is insufficient to prove cause or prejudice to excuse the procedural default and lack of exhaustion of his claims. Initially, the allegation is vague in that Mr. Daniels has provided no specific information in support. *See, e.g., Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000) (vague and conclusory assertion cannot suffice to demonstrate cause for procedural default). Moreover, he fails to explain how, while in confinement, he was able to send a letter to the state post-conviction court asking for an extension of time to file a motion for rehearing (see Doc. 10, Ex. 21) but unable to send a notice of appeal to the same court.[2] And his assertion that he had no "legal assistance" to help him file a notice of appeal is insufficient to demonstrate cause for the default. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting habeas petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"). Finally, even if Mr. Daniels could show that he was unable to file a timely notice of appeal while in confinement, he still fails to show sufficient cause for his failure to appeal the denial of his Rule 3.850 motion because he does not allege that he filed a petition for a belated appeal that the state court rejected. See Fla.R.App.P. 9.141(c).

_____

which he was convicted.

2 Filing a notice of appeal is a simple task. *See, e.g., Avery v. Hendricks*, 2006 WL 2627945 *3 (D.N.J. Sept. 13, 2006)(rejecting *pro se* litigant's claim that legal services were necessary to file a notice of appeal and noting that "a notice of appeal is of no great legal moment" and that a

4

In sum, the claims raised in Mr. Daniels' petition are procedurally defaulted, and Mr. Daniels has failed to show cause excusing the procedural default. Accordingly, his claims are barred from federal review.

It is therefore **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. This Court should grant an application for a Certificate of Appealability only if Mr. Daniels makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Mr. Daniels is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on May 19, 2021.


_William F. Jung_
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

SA: sfc
Copies to:
Aaron Treves Daniels, *pro se*
Counsel of Record

---

"simple letter stating an intent to appeal" would have been sufficient).